HOLLAND & KNIGHT LLP
Charles L. Coleman, III [California Bar No. 65496]
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Email: charles.coleman@hklaw.com

HOLLAND & KNIGHT LLP
Christopher G. Kelly (*pro hac vice*)
Alan D. Reitzfeld (*pro hac vice*)
Judith R. Nemsick (*pro hac vice*)
31 West 52nd Street
New York, NewYork  10019
Telephone: (212) 513-3200
Facsimile:  (212) 385-9010
Email: christopher.kelly@hklaw.com
       alan.reitzfeld@hklaw.com
       judith.nemsick@hklaw.com

Attorneys for Defendant and Third-Party Defendant
SOCIÉTÉ AIR FRANCE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIR CRASH OVER THE MID-ATLANTIC ON JUNE 1, 2009 | MDL Docket No. 10-2144-CRB<br><br>**This Document Relates To:**<br>**Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB; 3:10-cv-1843-CRB; 3:10-cv-1936-CRB**<br><br>**DECLARATION OF JUDITH R. NEMSICK IN SUPPORT OF SOCIÉTÉ AIR FRANCE'S MOTION TO DISMISS ON THE GROUND OF FORUM NON CONVENIENS**<br><br>**Rule 12(b)(3)**<br><br>Hearing Date: Sept. 24, 2010<br>Time:   10:00 am<br>Before: Hon. Charles R. Breyer<br>Place:   Courtroom 8, 19th Floor |

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Judith R. Nemsick declares as follows:

1. I am a partner at the law firm of Holland & Knight LLP.

2. I submit this declaration in support of Société Air France's ("Air France") motion to dismiss the Plaintiffs' First Amended Complaint filed in *Harris* and the Third-Party Complaints filed by Airbus, Thales, and/or Intel Corporation in *Hemme*, *Gergelova*, and *Jugueta* on the ground of *forum non conveniens*.

3. This declaration is based upon my personal knowledge, my review of the pleadings in the consolidated proceedings, my review of dockets of litigations pending in the Northern District of California, and my review of other documents as referenced herein.

4. *Harris* was commenced on September 30, 2009 in the U.S. District Court for the Southern District of Texas. In the First Amended Complaint, two plaintiffs brought suit for two decedents and named five defendants: Société Air France ("Air France"), Airbus S.A.S. ("Airbus"), Honeywell International, Inc., Rockwell Collins, Inc., and Thales Avionics, S.A. ("Thales"). Airbus and Thales filed cross-claims against Air France, which answered and cross-claimed in response. Contemporaneous with this motion, Air France is moving to dismiss Plaintiffs' claims against Air France on the ground that Article 33 of the Montreal Convention precludes the exercise of subject matter jurisdiction over such claims by courts in the United States.

5. *Hemme* was commenced in the Circuit Court of Cook County, Illinois on October 19, 2009. The Complaint, by which eight plaintiffs brought suit for eight decedents, named 15 manufacturing defendants. Air France was not named as a defendant. On November 18, 2009, Intel removed the case to the U.S. District Court for the Northern District of Illinois. In December 2009, Airbus and Intel filed third-party complaints against Air France seeking indemnification and contribution. In January 2010, Thales filed a third-party complaint against Air France seeking indemnification and contribution. Air France moved to dismiss these third-party complaints on the ground that there is no subject matter jurisdiction over such claims against Air France under Article 33 of the Montreal Convention and because any rights or remedies for the sole crew member claim in that action are governed by her employment contract with Air France and French law and

**DECLARATION OF JUDITH R. NEMSICK**  MDL Docket No. 10-cv-2144-CRB
Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB;
3-10-cv-1843-CRB; 3:10-cv-1936-CRB

- 1 -

because the French *"Tribunal des affaires de securite sociale"* has exclusive jurisdiction over such claims.

6. *Gergelova* was commenced on October 21, 2009 in the U.S. District Court for the Northern District of California. The Complaint, by which seven plaintiffs brought suit for eight decedents, named the same 15 defendants as in the *Hemme* action, and not Air France. In January 2010, Intel, Thales, and Airbus filed third-party complaints against Air France seeking indemnification and contribution. Air France moved to dismiss these third-party complaints on the ground that the Court lacks subject matter jurisdiction over such claims against Air France under Article 33 of the Montreal Convention.

7. *Jugueta* was commenced on March 8, 2010 in the United States District Court for the Northern District of California, San Francisco Division. The Complaint, by which eight foreign plaintiffs brought suit for six decedents, named 13 defendants. On April 22, 2010, Intel filed a third-party complaint against Air France seeking indemnification and contribution. As in *Harris, Hemme* and *Gergelova*, Air France moved to dismiss on the ground that the Court lacks subject matter jurisdiction over such claims against Air France under Article 33 of the Montreal Convention and, in one case, under Article 28 of the Warsaw Convention

8. On January 4, 2010, the manufacturing defendants in actions pending as of that date filed a petition with the Judicial Panel on Multidistrict Litigation requesting consolidation of *Harris, Hemme*, and *Gergelova*. Following briefing and oral argument, the Judicial Panel issued a Transfer Order dated April 14, 2010 assigning *Harris, Hemme*, and *Gergelova* to this Court for coordinated or consolidated pretrial proceedings and identifying 31 other actions pending in the Southern District of Florida, Northern District of California, and Southern District of Texas as potential tag-along actions. *Jugueta*, already pending in this District, was consolidated by an Order of this Court.

9. As discussed in the accompanying Declaration of Jean-Marc Bardy, a total of 216 passengers and 12 crew members were on board the Aircraft and are presumed to have died in the accident. Only two of the 228 passengers and crew members are alleged to have been citizens of the United States.

**DECLARATION OF JUDITH R. NEMSICK**

MDL Docket No. 10-cv-2144-CRB
Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB;
3-10-cv-1843-CRB; 3:10-cv-1936-CRB

- 2 -

10. According to Air France Press Releases, the 228 passengers and crew members on Flight 447 included 72 French citizens, 26 Germans, and 48 citizens from other countries in Europe.[1]

11. Annexed hereto as Exhibits "A", "B", and "C" are copies of the documents produced by Plaintiffs pursuant to their Rule 26(a) initial disclosures in *Harris* (the case brought on behalf of the two U.S. citizens) that Air France contends support the conclusion that the decedents were residing in Brazil at the time of the accident: (a) Copy of Draft Joint U.S. Tax Return identifying the decedents' foreign address as Rua General Urquiza #56 401, Rio de Janeiro, Brazil 22431-040 (Exh. "A"); (b) Copies of packing lists and invoices relating to the transportation of Michael and Anne Harris' household goods from Texas to Brazil (Exh. "B"); and (c) Copies of emails regarding Michael Harris' relocation to Brazil (Exh. "C"). These exhibits have been redacted as per Fed. R. Civ. P. 5.2.

12. Based on the Declarations of Gail Muntner and Mayra I. Perez filed in support of Air France's motions to dismiss for lack of subject matter jurisdiction in *Hemme, Gergelova, Jugueta,* and *Harris,* the tickets for the passenger decedents in these actions provided for transportation wholly outside the United States. None of the passenger tickets were purchased or issued in the United States or had a destination or stopping point in the United States. *See* Exhs. "D", "E", "F" and "G".

13. Based on the Declarations of Nicole I. Tellier filed in support of Air France's motions to dismiss the crew member claim for lack of subject matter jurisdiction in *Hemme*, Air France contends that no legal actions, either by the personal representative of the crew member's estate or other parties, may be brought in the Courts of the United States against Air France for the death of the crew member. A copy of the Tellier Declaration filed in support of the motion to dismiss the Thales Third-Party Complaint (which is identical to the Tellier Declarations filed in support of the motions to dismiss the Airbus and Intel Third-Party Complaints) is annexed hereto as Exhibit "H."

---

[1] *See* Air France Press Release Nos. 5 and 7, at http://alphasite.airfrance.com/flight-air-france-447-rio-de-janeiro-paris-charles-de-gaulle/press-releases/?L=1

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**DECLARATION OF JUDITH R. NEMSICK**  MDL Docket No. 10-cv-2144-CRB
Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB;
3-10-cv-1843-CRB; 3:10-cv-1936-CRB

14. Annexed hereto as Exhibit "I" is a copy of the certified English translation of the document titled, "Contrat d'Engagement dans le Personnel Navigant Commercial Statutaire en Quality D'Hotesse," which is the French document contained in Exhibit "A" to the Tellier Declaration. This certified translation was submitted in support of Air France's motions to dismiss the third-party complaints in *Hemme*.

15. According to the pleadings filed by Third-Party Plaintiffs Airbus and Thales, Airbus is a French corporation, with its principal place of business in Toulouse-Blagnac, France. Thales is a French corporation, with its principal place of business in Neuilly-sur-Seine, France. *See* Airbus Third-Party Complaint (*Gergelova*) at ¶ 1; Thales Third-Party Complaint (*Gergelova*) at ¶ 1.

16. *Hemme*, *Gergelova*, and *Jugueta*, the actions in which Air France is a third-party defendant, include virtually identical manufacturing defendants, with a few exceptions. The foreign corporations Airbus and Thales are defendants in each of the three cases.[2] The U.S. defendants common to all three actions are General Electric Co., GE Aviation Systems, LLC, Hamilton Sundstrand Corporation, Honeywell International, Inc., Intel Corporation, Motorola, Inc., Rockwell Collins, Inc. (sued in *Hemme* as Rockwell Collins Co.), Rosemount Aerospace Inc., Thales U.S.A., Inc., and Tyco Electronics Corporation (which acquired Raychem Corporation).[3] E.I. du Pont de Nemours and Co. is a defendant in *Gergelova* and *Jugueta* (having been sued in *Gergelova* as Dupont Co.).

17. Of these 11 defendants, only one, Intel, has its principal place of business in California. Intel has filed a motion for judgment on the pleadings under Rule 12(c) in *Hemme*. The remaining U.S. Defendants are predominately Delaware or New York corporations with principal places of business outside of California.[4] Of these, Motorola has a pending motion to dismiss in *Jugueta* and has not filed an answer in *Gergelova*.

---

[2] Thales Avionics S.A. was sued as "Thales Group" in *Hemme*. "Thales Group" was named in *Hemme* in addition to Thales Avionics S.A.

[3] *See* Notice of Motion and Memorandum in Support of Manufacturing Defendants' Joint Motion for Extension of Stay of Discovery Except As to Forum Non Conveniens Issues (Docket No. 29).

[4] According to pleadings filed by the parties in these consolidated actions and in other actions available on the Court's ECF website, General Electric Co.'s principal place of business is Connecticut; GE Aviation Systems, LLC's principal place of business is in Ohio; Hamilton

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

DECLARATION OF JUDITH R. NEMSICK

MDL Docket No. 10-cv-2144-CRB
Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB;
3-10-cv-1843-CRB; 3:10-cv-1936-CRB

- 4 -

18. Annexed hereto as Exhibit "J" is a copy of the Rule 26(a)(1) initial disclosures of Air France served in *Harris*.

19. Annexed hereto as Exhibit "K" is a copy of the Rule 26(a)(1) initial disclosures of Airbus served in *Harris*.

20. Annexed hereto as Exhibit "L" is a copy of the Rule 26(a)(1) initial disclosures of Thales served in *Harris*.

21. Annexed hereto as Exhibit "M" is a copy of the Rule 26(a)(1) initial disclosures of Plaintiffs served in *Harris*.

22. Annexed hereto as Exhibit "N" is a copy of the Northern District of California Judicial Caseload Profile.

23. Annexed hereto as Exhibit "O" are copies of excerpts from the International Civil Aviation Organization, International Conference on Air Law (Montreal), Vol. I, *Minutes*, May 1999, Doc. 9775-DC/2.

24. Annexed hereto as Exhibit "P" is the Statement of Interest filed by the U.S. Department of Justice in *In re West Caribbean Airways, S.A.*, 619 F. Supp. 2d 1299 (S.D. Fla. 2007), *aff'd sub nom.*, *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052 (11th Cir. 2009).

25. Annexed hereto as Exhibit "Q" is the Declaration of Professor Philippe Delebecque, a Professor at the University of Paris-I (Pantheon-Sorbonne), France.

26. Annexed hereto as Exhibit "R" is a certified English translation of the Declaration of Professor Philippe Delebecque.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 15, 2010.

*(signature)*
Judith R. Nemsick

# 9532164_v1

---

Sundstrand's principal place of business is in Connecticut; Honeywell's principal place of business is in New Jersey; Intel's principal place of business is in California; Motorola's principal place of business is in Illinois; Rockwell's principal place of business is in Iowa; Rosemount's principal place of business is in Minnesota; Thales U.S.A., Inc.'s principal place of business is in Virginia; and Tyco Electronics Corporation's principal place of business is in Pennsylvania.

**DECLARATION OF JUDITH R. NEMSICK**

MDL Docket No. 10-cv-2144-CRB
Case Nos. 3:09-cv-5020-CRB; 3:10-cv-0977-CRB;
3-10-cv-1843-CRB; 3:10-cv-1936-CRB

- 5 -