1    TROY SAURO (SBN 224097)
     PERKINS COIE LLP
2    Four Embarcadero Center, Suite 2400
     San Francisco, CA 94111-4131
3    Telephone: 415.344.7000
     Facsimile: 415.344.7050
4    TSauro@perkinscoie.com

5    JOHN DILLOW (SBN 50403) (*Pro Hac Vice*)
     V.L. WOOLSTON (*Pro Hac Vice*)
6    PERKINS COIE LLP
     1201 Third Avenue, Suite 4800
7    Seattle, WA 98101
     Telephone: (206) 359-8000
8    Facsimile: (206) 359-9000
     JDillow@perkinscoie.com
9    VWoolston@perkinscoie.com

10   Attorneys for Defendant
     INTEL CORPORATION
11

12                     UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16   In re: AIR CRASH OVER THE            MDL Docket No. 10-2144 CRB
     MIDATLANTIC                          Honorable Charles R. Breyer
17   ON JUNE 1, 2009
                                          **INTEL CORPORATION'S THIRD-PARTY**
18   _____     **COMPLAINT AGAINST SOCIÉTÉ AIR**
                                          **FRANCE**
     This Document Relates to:
19   Bentaieb v. Airbus SAS, et al.       **<u>DEMAND FOR JURY TRIAL</u>**
     C 11-559-CRB
20

21

22

23        NOW COMES Defendant Intel Corporation ("Intel"), by and through its attorneys and

24   pursuant to Rule 14 of the Federal Rules of Civil Procedure, brings this Third-Party Complaint

25   against Société Air France ("Air France"). Intel brings this Third-Party Complaint in accordance

26   with the requirements of Rule 14 and to protect its rights, but does not, by filing this Third-Party

27   Complaint, concede or agree that this is a convenient or appropriate forum for resolving Intel's

28   claims against Air France or any other claims arising from the facts set forth below. Subject to

                                          - 1 -

and without waiving its rights, privileges and defenses, including but not limited to *forum non conveniens*, Intel alleges as follows:

## I.    The Parties

1.    Intel is a United States corporation organized and existing under the laws of the State of Delaware.

2.    Société Air France ("Air France") is a corporate entity duly organized and existing under the laws of France, with its principal place of business in Tremblay en France.  Air France is a common carrier that regularly operates international passenger flights to and from the United States, including the State of California.

3.    Air France has conducted and does conduct business within the United States.

## II.    Jurisdiction and Venue

4.    This Court has jurisdiction over Intel's claims against Air France pursuant to 28 U.S.C. § 1367(a) because they arise from a common nucleus of operative facts with plaintiffs' claims against Intel.  The Court also has jurisdiction pursuant to 28 U.S.C. § 1369(a), in that the parties are minimally diverse, Intel's claims against Air France arise from a single accident involving the deaths of more than 75 persons, and a substantial part of the accident occurred outside of France, where Air France resides.

5.    Air France may be served with process at its San Francisco sales office, located at San Francisco International Airport, International Terminal, San Francisco, California 94128.  In the alternative, Air France may be served pursuant to the terms of the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Air France is subject to personal jurisdiction in this District.

## III.    General Allegations

7.    In their Complaint, plaintiffs claim damages for deaths allegedly arising from the crash of Air France Flight 447 on June 1, 2009 (the "Accident").  Plaintiffs allege, in part, that the Accident was caused by defects in the subject aircraft and certain of its components, including

- 2 -

1   certain Intel microprocessors.  To the extent those allegations are directed to Intel, Intel denies

2   them.

3          8.      Air France was responsible for inspecting, testing, maintaining, repairing,

4   operating and otherwise ensuring the airworthiness of the subject aircraft and its components.

5          9.      On June 1, 2009, the subject aircraft was being operated by Air France as

6   Flight 447 en route from Rio de Janeiro, Brazil to Paris, France ("Flight 447").  In their

7   Complaint, plaintiffs allege that their decedent was a passenger on Flight 447.  Based on

8   information and belief, at the time, Air France was operating as a common carrier and owed a

9   duty to its passengers, including plaintiffs' decedent, to exercise the highest degree of care in the

10  operation of the aircraft in which the carriage was undertaken.

11         10.     A few hours into Flight 447, the Captain and First Officer on Air France

12  Flight 447 (the "Flight Crew") caused the subject aircraft to encounter powerful thunderstorm

13  activity, likely including heavy and/or severe precipitation, electrical activity, ice and turbulence.

14  Approximately three hours into the flight, air traffic controllers lost contact with Flight 447.

15  Debris from Flight 447 was found floating in the high seas of the Atlantic Ocean on June 6, 2009.

16                              **COUNT ONE**

17              **Indemnity, Equitable Indemnity, and/or Contribution**

18         11.     Intel restates and realleges the allegations contained in paragraphs 1 through 10,

19  above, as if fully set forth here.

20         12.     The members of the Flight Crew were employees, servants, and agents of Air

21  France acting within the course and scope of their duties.

22         13.     The Flight Crew failed to exercise due care in the operation of the subject aircraft,

23  including but not limited to causing the subject aircraft to encounter powerful thunderstorm

24  activity, likely including heavy and/or severe precipitation, electrical activity, ice and turbulence,

25  failing to properly operate and control the aircraft during or after that encounter, and otherwise

26  failing to follow proper procedures and instructions.  Air France is liable for the acts, omissions,

27  active fault, or other culpable conduct of its employees, agents, servants, and other personnel that

28  caused or contributed to the Accident.

- 3 -

INTEL'S THIRD-PARTY COMPLAINT
MDL DOCKET NO. 10-2144 CRB
CIVIL CASE NO. C 11-559-CRB

14. Air France failed to exercise due care to properly train and otherwise ensure the competency of persons or entities whom Air France used to operate, inspect, test, maintain and repair the subject aircraft and its components and parts.

15. Air France failed to exercise due care to properly inspect, test, maintain, repair, operate, and otherwise ensure the airworthiness of the subject aircraft and its component parts.

16. The acts and omissions of the Flight Crew and Air France described in the foregoing paragraphs were negligent or otherwise culpable. Those acts, singly and/or in combination, were the proximate cause of the Accident and form the basis of plaintiffs' Complaint in this Court against Intel. Any injuries, damages, or losses sustained as a result of the Accident were caused by the negligent acts or omissions, or other active fault or culpable conduct, of Air France and/or persons for whose conduct Air France is liable.

17. Intel was not negligent, at fault, or otherwise culpable in any manner for the Accident. In the alternative, any negligence, fault, or other culpable conduct by Intel, which negligence, fault, or other culpable conduct Intel expressly denies, was secondary and passive to that of Air France and/or persons for whose conduct Air France is liable.

18. Accordingly, the sole, or in the alternative a, proximate cause of the Accident was the negligent acts or omissions, active fault, or other culpable conduct of Air France and/or persons for whose conduct Air France is liable.

19. In addition to the claims against Intel alleged in plaintiffs' Complaint in this action, Intel may in the future be named as a defendant in other actions arising out of the Accident.

20. Should Intel be found liable to plaintiffs in this action, or to plaintiffs in any other action arising from the Accident, notwithstanding Intel's denial of liability, then Intel is entitled to complete indemnity or equitable indemnity from Air France. Alternatively, Intel is entitled to equitable indemnity or contribution from Air France for any damages amount in excess of Intel's proportionate share of the common liability, if any.

**WHEREFORE,** Third-Party Plaintiff Intel Corporation respectfully prays for the following relief:

- 4 -

1        (a)     Judgment decreeing that Air France is solely, primarily, and/or actively liable for

2  the Accident and that Intel's liability, if any, is secondary and/or passive to that of Air France;

3  and/or

4        (b)     Judgment decreeing the respective and proportionate fault of Air France and Intel,

5  if any, in causing the Accident and resulting damages; and/or

6        (c)     Judgment against Air France in an amount to be proven at trial for all damages

7  arising out of the Accident that Intel is or may become liable to pay; and/or

8        (d)     Judgment against Air France in an amount to be proven at trial for all damages

9  arising out of the Accident that Intel is or may become liable to pay in excess of Intel's

10  proportionate share of the common liability, if any; and/or

11        (e)     All other and further relief as the Court deems necessary, just and proper.

### JURY TRIAL DEMAND

13        Intel demands a jury trial of all claims, counterclaims, cross-claims, and third-party

14  claims, if any, to the fullest extent allowable by applicable law and which do not deprive this

15  Court of jurisdiction over the subject matter of any claim or the person of any party.

**NOTICE OF THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION**

17        Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Intel gives notice that it

18  may raise issues concerning the applicability of the laws of a foreign country or foreign countries,

19  including but not limited to the law of France.

Dated:  May 13, 2011               PERKINS COIE LLP

By: /s/      John Dillow
             John Dillow (*Pro Hac Vice*)

Attorneys for Defendant
INTEL CORPORATION

- 5 -

1

Certificate of Service

2

      The undersigned hereby certifies that all counsel of record who are deemed to have

3

consented to electronic service are being served this 13th day of May, 2011, with a copy of this

4

document via the Court's CM/ECF system.  I certify that all parties who have appeared in this

5

case are represented by counsel who are CM/ECF participants.  Any other counsel of record will

6

be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

7

8

9

               /s/ Christi Bass

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

INTEL'S THIRD-PARTY COMPLAINT
MDL DOCKET NO. 10-2144 CRB
CIVIL CASE NO. C 11-559-CRB